# UNITED STATES DISTRICT COURT
for the
_____ District of _____

_____ Division

Tiyonda Brothers
_Plaintiff(s)_
(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)

-v-

Case No. 2:20-cv-1928
(to be filled in by the Clerk's Office)

Barbara A. Kraner, Kathy Hudak, Travelers Insurance
_Defendant(s)_
(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)

## COMPLAINT AND REQUEST FOR INJUNCTION

### I. The Parties to This Complaint

**A. The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Tiyonda Brothers |
| Street Address | 3025 Pinehurst Drive |
| City and County | New Castle, ~~Pennsylvania~~ Lawrence |
| State and Zip Code | PA, 16105 |
| Telephone Number | 814-812-5575 |
| E-mail Address | tiyonda526329@gmail.com |

**B. The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title _(if known)_. Attach additional pages if needed.

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

Defendant No. 1

Name: Barbara A. Kraner
Job or Title (if known):
Street Address: 3473 Old Pulaski Rd
City and County: NewCastle, Lawrence County
State and Zip Code: PA 16105
Telephone Number: 724 652 4970
E-mail Address (if known): None

Defendant No. 2

Name: Kathy Hudak
Job or Title (if known):
Street Address: 1364 North Perry Highway
City and County: Mercer, Mercer County
State and Zip Code: PA 16137
Telephone Number: 724 475 3530 and
E-mail Address (if known):

Defendant No. 3

Name: Travelers Insurance
Job or Title (if known): Mid Atlantic Claims Service Center
Street Address: 112 Washington Place Suite 800
City and County: Pittsburg, Allegheny County
State and Zip Code: PA 15219
Telephone Number: 610-371-7584
E-mail Address (if known): AmVicker@travelers.com
Ayden Vickery-Roby

Defendant No. 4

Name:
Job or Title (if known):
Street Address:
City and County:
State and Zip Code:
Telephone Number:
E-mail Address (if known):

Page 2 of 6

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

[x] Federal question    [x] Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A. If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

Breach of contract 41 U.S.C 36   Theft by Deception Title 18, Sec 3922
Bad Faith 42 Pa C.S.A 8371 (Id 46)   Standard for Prompt, Fair & 
Breach of Policy 40 P.C.S.A Section 1171.5   equitable settlement 146.8
Conspiracy against Rights 18 U.S.C 241
Deprivation of Rights under color of law 18 U.S.C 242

### B. If the Basis for Jurisdiction Is Diversity of Citizenship

1. The Plaintiff(s)

   a. If the plaintiff is an individual

   The plaintiff, *(name)* __Tiyonda Brothers__, is a citizen of the State of *(name)* __Pennsylvania__.

   b. If the plaintiff is a corporation

   The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____.

   *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

   a. If the defendant is an individual

   The defendant, *(name)* __Barbara A. Kraner and Kathy Hudak__, is a citizen of the State of *(name)* __Pennsylvania__. Or is a citizen of *(foreign nation)* _____.


Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

    b. If the defendant is a corporation

The defendant, *(name)* Travelers Insurance, is incorporated under the laws of the State of *(name)* Minnesota, and has its principal place of business in the State of *(name)* New York. Or is incorporated under the laws of *(foreign nation)* _____, and has its principal place of business in *(name)* New York.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.    The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

total cost of loss, plus damages cost of repairs, total cost of vehicle irreparable damage, loss of unique vehicle

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the injunction or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.    Where did the events giving rise to your claim(s) occur? Pennsylvania

B.    What date and approximate time did the events giving rise to your claim(s) occur?

Original contract 9/17/2015
Insurance contract 4/9/2020 - 4/2021
Insurance Claim 7/2020
Vehicle Stolen Dec 4, 2020

C. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

Please see attached complaint and request for emergency injunction due to auction 12/22/20
Michael Williams

IV. **Irreparable Injury**

Explain why monetary damages at a later time would not adequately compensate you for the injuries you sustained, are sustaining, or will sustain as a result of the events described above, or why such compensation could not be measured.

The vehicle scheduled for auction 12/22/20. Window to retrieve is 14 days from Dec 4, 2020. Vehicle unique to me, Tiyonda Brothers, new power train so mileage does not match odometer. Unable to replace vehicle due to condition & circumstances. Currently without transportation to work at United States Post Office 70 miles daily.

V. **Relief**

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Injunction to stop auction pending outcome of court. Return 2013 Chevy Equinox to Tiyonda Brothers. Tiyonda Brothers to conduct business directly with PSECU credit union & Travelers Insurance. Compensation for all out of pocket loss, any damages according to proof and any relief court deems appropriate.

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 12-11-2020

Signature of Plaintiff: Tiyonda Brothers
Printed Name of Plaintiff: Tiyonda Brothers

### B. For Attorneys

Date of signing: _____

Signature of Attorney _____
Printed Name of Attorney _____
Bar Number _____
Name of Law Firm _____
Street Address _____
State and Zip Code _____
Telephone Number _____
E-mail Address _____





Tiyonda Brothers
3025 Pinehurst Drive
New Castle, PA 16105
814-812-5575

In the United States Court ~~of Federal Claims~~ western District of Pennsylvania

Tiyonda Brothers,
        Plaintiff,
Vs.

Kathy Hudak,
Barbara Ann Kraner
Travelers Insurance
        Defendants,

## Complaint and Injunction Request

Plaintiff Tiyonda Brothers brings forth the following cause of action and alleges the following:

1. On September 17th 2015 Tiyonda Brothers and Barbara A. Kraner Enter into a verbal agreement whereas Barbara Kraner agrees to co-sign a 2012 Chevy equinox (Vin 2GNFLEEKOC6335867) for her granddaughter Tiyonda Brothers. The original creditor was Santander Consumer USA. (See Exhibit A)

2. The vehicle was refinanced through PSECU with Barbara Kraner's name only, Tiyonda Brothers name was removed without Tiyonda Brothers consent.
(See Exhibit B & Exhibit C)

3. Tiyonda Brothers made monthly payments of 280-300 each month and paid the required full coverage insurance by the year of approx $600 as a driver under the policy of Barbara A. Kraner to Barbara A. Kraner. (See Exhibit D1-D7, Exhibits E-R, & Exhibits 18-28)

4. On August the 4th 2017 Kathy Hudak informed Tiyonda Brothers that Kathy Hudak and 2 of the sisters (Audrey Merk and Kimberly Bleakney) now had power of attorney over Barbara Kraner's affairs and requested Tiyonda Brothers to refinance the loan into Tiyonda Brother's name only or pay off the 2012 Chevy Equinox.

5. On Aug. 4, 2017 Tiyonda was at her grandma Barbara Kraner's house. Tiyonda Brothers and Kathy Hudak went over the payment records. Kathy Hudak was indirectly implying concern that Tiyonda Brothers wasn't making her payments, when in fact, Tiyonda

Brothers had overpaid. Tiyonda Brothers was still making the payments to Barbara Kraner. (See Exhibit E)

6. Tiyonda Brothers tried to refinance the loan with multiple companies to oblige the aunts requests, but was unsuccessful. Kathy Hudak and sisters even asked Tiyonda Brother's mother Barbara J. Kraner to refinance her home to pay off the vehicle without Tiyonda Brothers knowledge. This ongoing motive to get the 2012 Chevy Equinox out of Barbara A. Kraner's name is solely to benefit the power of attorney holders financial interests in their mother Barbara A. Kraner's estate upon her death.

7. Since this was not the original agreement between Tiyonda Brothers and Barbara A. Kraner, Tiyonda Brothers continued to make monthly payments on the 2012 Chevy Equinox from 9/2015 thru 7/2020 and the Insurance approx $600 was paid by the year, every April. (See Exhibits D1-D7, Exhibits E-R & Exhibits 18-28)

8. Tiyonda Brothers had 2 prior insurance claims involving deer, that Barbara Kraner instructed Travelers insurance company to deal with Tiyonda Brothers directly since Tiyonda was the actual owner and driver of the vehicle. (See Exhibits 46 & 47)

9. In July of 2020 Tiyonda Brothers was in a car accident in the 2012 Chevy Equinox. Since this was the 3rd accident in the 2012 Chevy Equinox, Travelers Insurance did not want to honor the claim for the damages.

10. Kathy Hudak saw this as an opportunity to get the vehicle paid off and advised Travelers insurance not to speak with Tiyonda Brothers and not to honor the claim. Tiyonda is not aware of this yet. Travelers acted in bad faith seeking only their own interests and neglecting their duty of care and contract to Tiyonda Brothers as the driver on the policy. (See Exhibit S)

11. Tiyonda Brothers provided Travelers Insurance estimates for the damages of both vehicles. The estimate is $3249.91 for the 2012 Chevy Equinox, and $3,823.26 for the other vehicle. Travelers first stalls the claim, stating investigation purposes, then sends an adjuster out supposed to be for both vehicles, arrives and says it's only for the 2012 Chevy Equinox, then Travelers insists on totaling the 2012 Chevy Equinox, going against their own policy of the damage needing to be 70-80% of the vehicle value. Even after receiving copies of the estimates from G.O. Crivelli Collision Center. (See Exhibit T & Exhibit U)

12. G.O. Crivelli Collision Center owner has similar damage tool assessment on his computer, Tiyonda Brothers spoke with him again and advised him Travelers was trying to total the vehicle. The owner physically showed Tiyonda Brothers that by Travelers own metric policy, there's no way Travelers could total the vehicle in good faith because the metrics were about 45-55% at best.

13. Tiyonda Brothers and Kathy Hudak then get into a disagreement over the insurance because Kathy Hudak insisted that her power of attorney after the fact, meant that Kathy

could "technically" make the decisions on the 2012 Chevy Equinox. Kathy Hudak's blatant disregard of the impact her actions and decisions have caused for Tiyonda Brothers and family as Tiyonda Brothers is the sole provider of 3 children and living check to check. Kathy Hudak knew the 2012 Chevy Equinox was Tiyonda Brothers only transportation to work. All parties agree Tiyonda Brothers made every payment for the 2012 Chevy Equinox and the required full coverage insurance through Travelers. Kathy Hudak cashed the July vehicle payment after the accident. (See Exhibit 9)

14. Kathy Hudak and Travelers conspired to total the vehicle, even though Tiyonda Brothers repeatedly tells them both, absolutely not, it is not in Tiyonda Brothers best interest. Travelers Insurance sent Copart Salvage to retrieve the 2012 Chevy Equinox from Tiyonda Brothers residence, this is how Tiyonda Brothers learns that Travelers is trying to total the vehicle. Travelers insurance never informed Tiyonda Brothers. Copart Salvage contacted Tiyonda Brothers because the vehicle was blocked in. Tiyonda Brothers advised Copart of the legality of the situation and adamantly expressed they are not to come on the property and remove the vehicle. Copart did not retrieve the vehicle. (See Exhibits P, S2, Exhibits 5, 8, 10, 11 & 12)

15. Tiyonda Brothers contacted Pennsylvania Insurance Department to investigate the claim. Pennsylvania Insurance Department found that Ms. Kraner advised Travelers not to speak with Tiyonda Brothers, sending the investigation findings to Tiyonda Brothers via mail and email. Travelers Insurance lied to Pennsylvania Insurance Department stating Tiyonda Brothers was not a party to the insurance contract, when in fact Tiyonda Brothers was listed as the only driver of the 2012 Equinox under Barbara A. Kraner's policy. Travelers Insurance further advised Tiyonda Brothers to turn the claim in to the Insurance company of the vehicle Tiyonda struck in another attempt to avoid paying the claim, violating standards for prompt, fair and equitable settlements. (See Exhibit V & Exhibit 5)

16. Tiyonda Brothers advised Kathy Hudak and Travelers Insurance since they refuse to honor the claim, discuss the claim with Tiyonda Brothers or come to an agreement with Tiyonda Brothers, the only person rightfully authorized to make decisions about the vehicle, Tiyonda Brothers would fix the damage out of pocket. Tiyonda Brothers made the repairs out of pocket and advised Kathy Hudak that the vehicle payments would be held until the matter was resolved through court proceedings. (See Exhibit 16 & Exhibits W,X,Y & Exhibits 29-45)

17. Tiyonda Brothers was awaiting the outcome of the investigation by the Pennsylvania Department of Insurance and needed the vehicle repairs to be completed to have an accurate total of the out of pocket loss before bringing forth a lawsuit. The final two parts for the 2012 Chevy equinox totaling $200 was ordered and paid for today December 4th, 2020. (See Exhibit V)

18. Tiyonda Brothers had to rent a vehicle to get to work at the United States Post Office in Warrendale , Pa. approx 70 miles per day, in order to not be terminated due to the delay of insurance claim. Tiyonda Brothers rented a vehicle. Total cost of rental $2757.27 +

896.30 = $3653.67. Tiyonda Brothers paid $3000 to Michael Williams to fix 2010 Chevy Camaro (the other vehicle in the accident). Total for 2012 Chevy Equinox to be fixed was approx $3000. (See Exhibits W, X & Y)

19. Tiyonda Brothers was almost evicted, eviction notice dated Oct 15, 2020 due to the financial hardship placed due to Travelers Insurance refusing to honor the claim and Kathy Hudak's deception in attempt to get 2012 Chevy Equinox out of Barbara A. Kraner's name. (See Exhibit Z)

20. Tiyonda Brothers learns Kathy Hudak and Barbara A. Kraner had gone to the police and courts in attempt to remove the vehicle from Tiyonda Brothers, when they were advised that this is a civil matter and needs to go to court, decide to continue to take matters into their own hands by having PSECU tow the vehicle anyway.

21. Once the vehicle was almost totally repaired, Kathy Hudak had PSECU tow the vehicle from Tiyonda Brothers property and will not give Tiyonda Brothers any information about the vehicle or the option to pay the remaining payments directly to bank, make it right with the bank or pay the vehicle off. This constitutes malice. Payments made by Tiyonda Brothers on vehicle from 2015 until July 2020 total est $17,000. This does not include maintenance and upkeep or remaining balance. (See Exhibits 41-44 & Exhibit 13)

22. Tiyonda Brothers paid for 2012 Chevy Equinox until the balance was almost paid off, approx remaining balance is $6,500 approx. Original cost of vehicle was approx $25k. Kathy Hudak conspired with PSECU to steal the vehicle from Tiyonda Brothers driveway. The vehicle was stolen Dec. 4th, 2020. (See Exhibit 1)

23. Travelers Insurance acted in bad faith, first stating Tiyonda Brothers was not listed on the insurance policy and then by violating their own Insurance Policy of the vehicle damage needing to be between 70-80% loss of total value of the vehicle before totaling a vehicle. Tiyonda Brothers advised Travelers Insurance and sent copies of estimates showing the vehicle repair cost of approx. $3,200, the book value was estimated approx. $8,500 without factoring the new power train, rebuilt front end and new paint. Tiyonda Brothers got 2 extremely low estimates to be fair. The last accident, Preston fixed the vehicle and charged more to fix the 2012 Chevy Equinox than these 2 estimates combined.
(See Exhibit V, Exhibits 2-7, Exhibit 8 and Exhibits 46 & 47)

24. Travelers Insurance was advised by Tiyonda Brothers that Tiyonda Brothers was at fault for the accident, Travelers Insurance refused to honor the claim at all, using the power of attorney as reasoning, even though Travelers had honored 2 claims prior speaking only to Tiyonda Brothers to resolve the prior claims in previous years, after said power of attorney, the 2cd previous claim being approx. 1 year before on the 2012 Chevy Equinox, thus the reason given is without substance. (See Exhibits 46 & 47)

25. The 2012 Chevy Equinox was unique in value to Tiyonda Brothers since there was a whole new power train put in, meaning the mileage on the engine did not match the

odometer. The front end of the vehicle was rebuilt twice and the vehicle was recently repainted due to the July 2020 accident. The interior of the vehicle was immaculate. (See Exhibits 41-44 & 48-50)

26. Tiyonda Brothers seeks reimbursement of out of pocket loss in the amount of $26, 453.67 + Traded vehicle. In addition to loss of 4 months of paid vehicle insurance through Travelers paid up until April 2021. Tiyonda Brothers encurred vehicle rental costs totaling $2,757.27, total vehicle repair costs of _____, bounce check fees $60 due to rental company debiting the added $896.30 on 11/9/2020 without consent from my account in turn bouncing rent check. Tiyonda Brothers has not factored in every single part cost, lost wages, or extreme stress and inconvenience. (See Exhibit Y)

27. The vehicle was stolen from Tiyonda Brothers driveway Dec 4, 2020. Tiyonda Brothers contacted both Barbara A. Kraner and Kathy Hudak Dec 4, 2020 and offered to pay the remaining payments of vehicle directly to PSECU bank. Tiyonda Brothers contacted PSECU directly on Dec. 4, 2020, PSECU refuse to discuss any vehicle info without Barbara A Kraner's consent. Tiyonda Brothers repaired the vehicles out of pocket due to Travelers claim denial, failure to evaluate and negotiate the claim with Tiyonda Brothers. Travelers Insurance and Kathy Hudak with the assistance and compliance of Barbara A. Kraner, conspired to do irreparable harm to Tiyonda Brothers leaving Tiyonda Brothers without a vehicle. (See Exhibit 13, 14 & 15)

28. Tiyonda Brothers contacted PSECU again on Dec 5, 2020 and spoke with Becky teller #798. Becky advised Tiyonda Brothers that because this is the first repossession, the past due balance and repo fee of $525.00 need to be paid ASAP to release the vehicle but either Barbara Kraner or Kathy Hudak or any other authorized person with power of attorney must inform PSECU that they can talk with Tiyonda Brothers to release it. (See Exhibit 13)

29. Tiyonda Brothers spoke with Audrey Merk (sister of Kathy) who also holds financial power of attorney on behalf of Barbara A. Kraner, on Dec. 9, 2020. Audrey Merk refuses to rectify the wrongdoing, refuses the return of the 2012 Chevy Equinox. Audrey Merk advised Tiyonda Brothers that the vehicle will be sent to auction on Dec. 22, 2020. Audrey stated that Travelers insurance claims to have financial interest in the vehicle. Tiyonda Brothers advised Audrey Merk that Tiyonda Brothers repaired the damaged vehicle out of pocket, thus the actions continuing to be taken by Travelers Insurance, Kathy Hudak, and Barbara A. Kraner are deceptive, fraudulent and wonton. (See Exhibit 51& 52)

30. The original agreement was between Barbara A. Kraner and Tiyonda Brothers. Kathy Hudak's power of attorney after the fact, trying to change the original terms of Barbara A. Kraner and Tiyonda Brothers agreement was a breach of contract in itself. (See Exhibit A)

31. Tiyonda Brothers has the only real interest in the vehicle since Tiyonda Brothers was the sole payer of the vehicle, Tiyonda Brothers has no vehicle, Tiyonda Brothers has already

missed work days throughout the course of this entire ordeal. Tiyonda Brothers has been left without any form of transportation to work at the United States Post Office.

### Request for Relief

WHEREFORE, the plaintiff requests:

Request for emergency injunction to stop the auction process by either Travelers Insurance or PSECU Credit Union pending the outcome of the court proceedings.

Return 2012 Chevy Equinox to Tiyonda Brothers

Compensation for all out of pocket monetary expenses incurred, any other damages according to proof; And any further relief which the court may deem appropriate.

### Demand for Jury Trial

Plaintiff hereby request a jury trial on all issues raised in this complaint.

Dated  12-11-2020

*Tiyonda Brothers*
Signature

By: Tiyonda Brothers