IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TIYONDA BROTHERS, | ) |
|                     Plaintiff, | ) 2:20-cv-01928-RJC ) ) |
| vs. | ) Judge Robert J. Colville ) |
| BARBARA A. KRANER, KATHY HUDAK, and TRAVELERS INSURANCE, | ) ) ) |
|                     Defendants. | ) ) |

**MEMORANDUM ORDER OF COURT**

Before the Court is the Motion for Leave to Proceed In Forma Pauperis (ECF No. 1) filed by Plaintiff Tiyonda Brothers. Upon review of Plaintiff's Motion for Leave to Proceed In Forma Pauperis, it is hereby ORDERED that the Motion is granted. This Court finds, however, that it lacks subject matter jurisdiction over Plaintiff's Complaint for the reasons discussed below, and will thus dismiss the above-captioned action on that basis.

**I.     Legal Standard**

"[U]nder 28 U.S.C. § 1915(e)(2)(B), a district court that has granted in forma pauperis status to a litigant 'must review the pleadings and dismiss the matter if it determines that the action is frivolous, malicious, or fails to set forth a proper basis for th[e] Court's subject matter jurisdiction.'" *Parker v. Baker*, No. 2:19-CV-1439-NR, 2019 WL 6310754, at *2 (W.D. Pa. Nov. 25, 2019) (quoting *Duglas v. Kamper*, No. 19-CV-3010, 2019 WL 3230931, at *1 (E.D. Pa. July 17, 2019)); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

1

"Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6) . . . ." *Picozzi v. Guy Peiagelee & Sons*, 313 F. Supp. 3d 600, 602 (E.D. Pa. 2018) (citing *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554 (2007)). Because Plaintiff is proceeding pro se, the Court "must liberally construe" Plaintiff's Complaint, and will "apply the applicable law, irrespective of whether [Plaintiff] has mentioned it by name." *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003) (citing *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir.2002)).

**II.    Discussion**

In her Complaint, Plaintiff seeks damages and injunctive relief. Specifically, with respect to injunctive relief, Plaintiff seeks to stop the auction of a vehicle (the "vehicle at issue") that had been repossessed by a non-party credit union, PSECU, as well as the return of the vehicle at issue to Plaintiff's possession. Compl. 12, ECF No. 1-1. The auction is allegedly scheduled for December 22, 2020. *Id.* at ¶ 22. Plaintiff's claims stem from allegations involving: (1) the alleged breach of, and interference with, an alleged oral agreement between Plaintiff and her grandmother, Defendant Barbara A. Kraner, respecting the vehicle at issue, Compl. ¶¶ 1; 30, ECF No. 1-1; (2) Defendant Travelers Insurance's alleged failure to honor an insurance claim arising from a July 2020 accident involving Plaintiff and the vehicle at issue, *id.* at ¶¶ 23-24; (3) the refusal of Defendant Travelers to communicate with Plaintiff respecting the insurance claim at the direction of Defendant Kathy Hudak, who had power of attorney with respect to Defendant Kraner, who was the named insured at the time, *id.* at ¶ 10; and (4) PSECU's repossession of the vehicle at the

alleged direction of Defendants Hudak and Kraner, and Hudak's and Kraner's alleged failure to inform PSECU that it could communicate with Plaintiff regarding the release of the vehicle at issue, *id.* at ¶¶ 16; 20-21; 27-29.

"Federal courts are courts of limited jurisdiction." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010). This Court can only exercise subject matter jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, or civil actions where there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000, 28 U.S.C. § 1332. "Diversity jurisdiction requires 'complete diversity,' which in turn requires that 'no plaintiff be a citizen of the same state as any defendant.'" *Picozzi*, 313 F. Supp. 3d at 603 (quoting *Zambelli*, 592 F.3d at 419).

In Plaintiff's Complaint, Plaintiff seemingly asserts that the basis for this Court's subject matter jurisdiction in this action is both federal question jurisdiction under 28 U.S.C. § 1331 and diversity of citizenship jurisdiction under 28 U.S.C. § 1332.[1] Compl. 3, ECF No. 1-1. Plaintiff lists the following federal statutes in support of federal question jurisdiction in this matter: (1) "Breach of contract 41 U.S.C. [§] 36;"[2] (2) "Conspiracy against Rights 18 U.S.C. [§] 241;" and (3) "Deprivation of Rights under color of law 18 U.S.C. [§] 242." Plaintiff also listed several Pennsylvania statutes as supporting federal question jurisdiction, including: (1) "Theft by Deception [18 Pa.C.S.A. § 3922]," which is a provision of the Pennsylvania Crimes code; as well as (2) "Bad Faith 42 Pa.C.S.A. [§] 8371;" (3) "Breach of Policy [40 P.S. § 1171.5];" and (4) "Standard[s] for Prompt, Fair and Equitable Settlement [31 Pa. Code § 146.8]." The Court notes that Plaintiff's claims under these Pennsylvania statutes do not support federal question

---

[1] While Plaintiff fails to check either the "Federal question" or "Diversity of citizenship" boxes in the form complaint she submitted, Plaintiff has filled out the sections below those boxes which inquire as to information supporting both federal question jurisdiction and diversity jurisdiction. Compl. 3-4, ECF No. 1-1.
[2] Now codified at 41 U.S.C. § 6503.

3

jurisdiction because they do not arise under the Constitution, laws, or treaties of the United States, but, rather, clearly arise under the laws of Pennsylvania.

After a thorough review of the allegations set forth in the Complaint and the Exhibits attached to the Complaint, the Court finds as follows:

With respect to the federal statutes cited by Plaintiff, the Court notes that 18 U.S.C. §§ 241 and 242 are sections of the federal criminal code, and further notes that "there is no federal right to require the government to initiate criminal proceedings." *Rodriguez v. Salus*, 623 F. App'x 588, 590 (3d Cir. 2015). Moreover, neither of these statutes creates a private cause of action. *See Carpenter v. Ashby*, 351 F. App'x 684, 688 (3d Cir. 2009) ("Finally, we agree with the District Court's dismissal of the 18 U.S.C. § 241 and § 242 claims. Neither statute creates a civil cause of action."). To the extent that Plaintiff's claims could be construed to assert a cause of action under 42 U.S.C. § 1983, the Court notes that the Complaint sets forth no allegations that would support a finding that any of the Defendants was a state actor acting under color of state law. *See Tate v. Schember*, No. CV 19-179, 2019 WL 3860187, at *2 (W.D. Pa. Aug. 16, 2019), *aff'd in part, appeal dismissed in part*, 809 F. App'x 64 (3d Cir. 2020) ("To state a viable § 1983 claim, a plaintiff must plausibly allege that the defendant, while acting under color of state law, violated one or more of the plaintiff's federal constitutional or statutory rights."); *see also West v. Atkins*, 487 U.S. 42, 49 (1988) ("The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" (quoting *United States v. Classic*, 313 U.S. 299, 326, 61 S.Ct. 1031, 1043, 85 L.Ed. 1368 (1941))).

Further, Plaintiff's Complaint is devoid of any allegation that any alleged conspiracy in this case was motivated by discriminatory animus. The United States District Court for the Eastern District of Pennsylvania has explained:

> "[I]n order to state a claim under section 1985(3), a plaintiff must allege: (1) a conspiracy; (2) motivated by a racial or class based discriminatory animus designed to deprive, directly or indirectly, any person or class of persons to the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or the deprivation of any right or privilege of a citizen of the United States." *Lake v. Arnold*, 112 F.3d 682, 685 (3d Cir.1997) (citing *Griffin v. Breckenridge*, 403 U.S. 88, 102–03, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971)). Regarding the second element, a plaintiff must allege that "the conspiracy was motivated by discriminatory animus against an identifiable class." *Farber v. City of Paterson*, 440 F.3d 131, 135 (3d Cir.2006).

*Schutt v. Melmark, Inc.*, 186 F. Supp. 3d 366, 376 (E.D. Pa. 2016). As such, Plaintiff's Complaint does not set forth a cause of action under 42 U.S.C. § 1985.

Finally, Plaintiff's assertion of a breach of contract claim under "41 U.S.C. [§] 36," which, again, is now codified at 41 U.S.C. § 6503, is simply not supported by the allegations set forth in Plaintiff's Complaint, as the statute Plaintiff cites to applies in cases involving a breach of a contract made by an agency of the United States and is thus inapplicable in this case. *See Antonelli v. Gloucester Cty. Hous. Auth.*, No. CV 19-16962 (RBK/AMD), 2019 WL 5485449, at *8 (D.N.J. Oct. 25, 2019) ("Plaintiff also pleads 41 U.S.C. § 6503 as a cause of action. Section 6503 applies in cases of a breach of 'contract made by an agency of the United States for the manufacture or furnishing of materials, supplies, articles, or equipment, in an amount exceeding $10,000.' 41 U.S.C. § 6502. Further, Section 6503 mainly provides for damages owed to the federal government in the event a contractor breaches a contract with a federal agency. As such, this statute is wholly inapplicable to Plaintiff, and this claim is dismissed with prejudice."). Plaintiff's breach of contract claims arise out of alleged oral agreements and insurance agreements entered into by individuals and an insurance company, and are clearly brought under Pennsylvania law.

5

Accordingly, for all of the reasons discussed above, the Complaint fails to set forth a basis for federal question subject matter jurisdiction in this action.

Further, Plaintiff's Complaint clearly states that Plaintiff is a citizen of Pennsylvania, and alleges that Defendants Hudak and Kraner are also citizens of Pennsylvania. Compl. 3, ECF No. 1-1. As such, Plaintiff cannot establish that there is complete diversity of citizenship between the parties, and the Court finds that the Complaint fails to set forth a basis for diversity jurisdiction in this matter.

In light of all of the above, the Court finds that it does not have subject matter jurisdiction over the claims set forth in Plaintiff's Complaint. Following review of the allegations set forth in the Complaint, the Court finds that amendment of the Complaint would be futile with respect to this Court's subject matter jurisdiction, and the Court will thus not grant leave to amend in this matter. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

### III.     Conclusion

Accordingly, for the reasons discussed above, it is hereby ORDERED that the above-captioned matter is dismissed for lack of subject matter. This Memorandum Order is entered without prejudice to Plaintiff pursuing her claims in state court. The Clerk of Courts shall mark this case as CLOSED.

BY THE COURT:

s/*Robert J. Colville*_____
Robert J. Colville
United States District Judge

DATED: December 17, 2020

cc:
    Tiyonda Brothers
    3025 Pinehurst Drive
    New Castle, PA 16105